**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION

LORENZO FUERTES,

    Plaintiff,

v.

Case No.:

LIFE INSURANCE
COMPANY OF NORTH AMERICA,

    Defendant.
_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Lorenzo Fuertes, by and through undersigned counsel hereby files his Complaint against Defendant, Life Insurance Company of North America, and says:

### I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2. Plaintiff, Lorenzo Fuertes ("Mr. Fuertes"), is a resident of Miami-Dade County in Florida and was at all times relevant a participant of the long-term disability insurance policy at issue (the "long-term disability policy") Defendant, Life Insurance Company of North America (hereinafter "LINA" or "Defendant"), is the insurer and claims administrator of the long-term disability policy, is a foreign corporation authorized to do business in Florida, and can be found in the Southern District of Florida.

### III.   FACTS

3. At all times material to this action there was in full force and effect a group long-term disability policy that was underwritten and administered by Defendant.

4. At all times material, LINA operated under an inherent structural conflict of interest because of LINA's dual role as administrator of claims all while serving as the insurance company paying benefits out of its own assets.

5. Mr. Fuertes was employed with Macy's, Inc., as an Operations Manager. By virtue of his employment at Macy's, Inc., Mr. Fuertes was an eligible participant of the long-term policy at all times material to this action.

6. The purpose of the long-term disability policy was to provide Mr. Fuertes a monthly benefit in the event that he became disabled.

7. The long-term disability policy defined Disability, in pertinent part, as follows:

> *The Associate is considered Disabled if, solely because of Injury or Sickness, he or she is unable to perform the material duties of his or her Regular Occupation.*
>
> *After Long Term Disability Benefits have been payable for 24 continuous months, the Associate is considered Disabled if, solely due to Injury or Sickness, he or she is unable to perform the material duties of any occupation for which he or she, or may reasonably become, qualified based on education, training or experience.*

8. Mr. Fuertes suffers from multiple medical conditions and symptoms, including, but not limited to: Tetralogy of Fallot status post repair as a child, subclavian steal syndrome, surgical right ventricular outflow tract, transcatheter pulmonic valve replacement, pulmonary hypertension, dyslipidemia, shortness of breath, easy fatigability, and cardiopulmonary exercise stress.

9. Mr. Fuertes was forced to discontinue working on July 20, 2016 due to his disabling conditions.

10. In accordance with the procedures set forth by the long-term disability policy, Mr. Fuertes notified Defendant that he was disabled.

11. Defendant accepted liability and approved long-term benefits from January 19, 2012 through October 18, 2015.

12. Defendant terminated Mr. Fuertes's long-term disability benefits effective October 18, 2015.

13. Mr. Fuertes timely appealed Defendant's decision to terminate his long-term disability benefits.

14. Defendant denied Mr. Fuertes's long-term disability benefits appeal in a letter dated August 22, 2016.

15. Mr. Fuertes exhausted his appeals under ERISA.

16. In terminating Mr. Fuertes's long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

17. The termination of Mr. Fuertes' long-term disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

18. The termination of Mr. Fuertes' disability benefits breached the fiduciary duties owed to Mr. Fuertes under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Mr. Fuertes as a participant of long-term disability policy.

### IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 18 as if fully stated herein and says further that:

19. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

20. Plaintiff is entitled to the benefits identified herein because:

    a. the benefits are permitted benefits under the policy;

    b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

    c. Plaintiff has not waived or otherwise relinquished his entitlements to the benefits.

21. Defendant has refused to pay the benefits sought by Mr. Fuertes, ignoring the medical records and clear opinions of his physicians.

## V. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraphs 1 through 21 as if fully stated herein and says further that:

22. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VI. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 22 as if fully stated herein and says further that:

23. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

24. Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

25. Defendant is also liable to place Plaintiff in the position he would have enjoyed under the policy had he not been wrongfully terminated benefits by Defendant.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Lorenzo Fuertes, prays for a judgment against Defendant for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 9th day of November 2016.*

BY: _/s/ Edward P. Dabdoub_
Edward Philip Dabdoub (FBN. 45685)
Eddie@longtermdisability.net
Geannina Burgos (FBN. 113242)
nina@longtermdisability.net
WAGAR DABDOUB, P.A.
1600 Ponce de Leon Blvd., Ste 1205
Miami, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Counsels for Plaintiff, LORENZO FUERTES*